# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **CONNIE FRANCES GULLY** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action<br>) No.: 4:18-cv-251-MPM-JMV |
| **QUALITY RESTAURANT CONCEPTS, LLC d/b/a APPLEBEE'S OF GRENADA MISSISSIPPI, et al.** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PROTECTIVE ORDER

The Court, being advised that Connie Frances Gully and Quality Restaurant Concepts, LLC consent to maintaining the confidentiality of certain documents and information, orders as follows:

1. Any files or documents containing information regarding material which contains a trade secret or other confidential, proprietary, technical, business, or financial information that is generally not known to the public shall be considered "Confidential Information." This Order shall govern all Confidential Information which is produced by the parties or a testifying witness during the course of this litigation.

2. This Order shall apply both to the parties to this action and to any third party who provides or is provided access to discovery materials under the terms of this Order.

3. Except with prior written consent of the party who or which has designated documents or information as "Confidential Information," (hereafter "designating party") or upon prior order of this Court, a receiving party shall not disclose or use Confidential Information obtained during discovery for any purpose (including without limitation, any business, commercial

or personal purpose) other than for the purposes of preparing for and conducting the litigation of this action and any appellate proceedings in this action.

4. All Confidential Information shall be clearly and prominently marked by placing on every single-page document, on the initial page or cover of a multi-page document (including deposition transcripts), and in prominent location on the exterior of any tangible object, one of the following designations (or a designation containing the same information but in a different format):

    a. "CONFIDENTIAL'" or

    b. "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER";

In lieu of marking the original of documents, the designating party may mark the copies that are produced or exchanged.

5. If a party intends to use Confidential Information in any Court filing or at trial, then that party must give no less than seven days' written notice to the party who designated the information as Confidential prior to filing it so that the designating party has an opportunity to ask the Court to either seal the documents or allow them to be filed in redacted form. The party designating the information as Confidential shall be responsible for asking the Court to either seal the documents or allow them to be filed in redacted form. If a ruling is not obtained within the seven-day period, the party designating the material as Confidential shall cooperate in requesting extensions to filing deadlines which the party seeking to use the information wishes to meet. Notwithstanding the foregoing, if a party wishes to file a document that has Confidential Information embodied in it, the Confidential Information shall be redacted by the filing party prior to filing the document with the Clerk, to the extent the filing party does not wish that the Court consider the redacted information. If the Court declines to seal a document or allow it to be filed

in redacted form, then the Party who wishes to use the Confidential Information may do so unsealed and unredacted, according to the Court Order.

6. Except with the prior written consent of the designating party or as otherwise expressly permitted by this Order, the receiving party may disclose Confidential Information of the designating party only to the following persons:

    a. The Court and Court personnel;

    b. The parties to this litigation and their employees and agents;

    c. Actual or potential deposition or trial witnesses in this action, but only to the extent needed to prepare for deposition or trial;

    d. Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit.

7. Prior to disclosure of any Confidential Information to any expert witness or other person approved by the designating party, counsel for the receiving party shall first provide the person with a copy of this Order, and shall require the person to execute the appropriate acknowledgment attached to this Order as Exhibit A.

8. This Order shall bind both parties to this action and all persons signing Exhibit A.

9. Sixty days after final termination of this action, including all appeals, any Confidential Information produced shall be destroyed using all commercially reasonable means by the receiving party, unless opposing counsel has requested the return of the Confidential Information. This provision does not apply to the Court and Court personnel.

10. This Order may be modified in whole or in part at any time upon motion by any party.

11. The Court may *sua sponte*, or upon motion of either party, suspend and/or amend this Order.

ORDERED this the 18th day of January, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

AGREED AND APPROVED AS TO FORM:

/s/ *Mary Emily Monroe*
Mary Emily Monroe (MSB #102702)
Counsel for Quality Restaurant Concepts, LLC

/s/ *Alan Lancaster*
Alan Lancaster (MSB#1792)
Counsel for Plaintiff

## *EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| CONNIE FRANCES GULLY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No.: 4:18-cv-251-MPM-JMV |
| QUALITY RESTAURANT | ) | |
| CONCEPTS, LLC d/b/a | ) | |
| APPLEBEE'S OF GRENADA | ) | |
| MISSISSIPPI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT OF RECEIPT
OF AGREED PROTECTIVE ORDER**

    I, the undersigned, do hereby verify that I am in receipt of the Agreed Protective Order; that I have read and understand the Agreed Protective Order; and that I agree to comply fully with all of the provisions set forth in the Agreed Protective Order.

_____
Signature

_____
Printed Name

_____
Title

_____
Date